NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1372, -1380, -1416, -1417

AKAMAI TECHNOLOGIES, INC.,

Plaintiff-Appellant,

and

THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

Plaintiff-Appellant,

v.

LIMELIGHT NETWORKS, INC.,

Defendant-Cross Appellant.

Appeals from the United States District Court for the District of Massachusetts in case nos. 06-CV-11109 and 06-CV-11585, Judge Rya W. Zobel.

ON MOTION

Before DYK, Circuit Judge.

## O R D E R

Akamai Technologies, Inc. moves to dismiss appeal nos. 2009-1416,-1417 as improper cross-appeals. Limelight opposes. Akamai replies. Both parties also move for extensions of time to file their briefs.

The plaintiffs sued Limelight alleging patent infringement. A jury returned a verdict in favor of Akamai, finding infringement and awarding lost profits and royalty damages. Limelight moved for a judgment as a matter of law (JMOL) of noninfringement and JMOL regarding lost profits. Limelight also sought a new trial regarding the infringement determination, raising issues concerning claim construction and jury instructions. The district court initially denied the motion for JMOL and the

motion for a new trial. On Limelight's motion for reconsideration of the order denying the motion for JMOL, the district court granted reconsideration and granted JMOL of noninfringement. Akamai appealed from the district court's grant of JMOL of noninfringement. Limelight cross-appealed. In its opening brief, Limelight seeks review of the district court's order denying JMOL on the issue of lost profits. In the opening brief, Limelight also challenges the district court's order denying its motion for a new trial on the infringement issue.

"A party may cross-appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified." TypeRight Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1156 (Fed. Cir. 2004). A cross-appeal may only be filed "when a party seeks to enlarge its own rights under the judgment or to lesson the rights of its adversary under the judgment." Bailey v. Dart Container Corp., 292 F.3d 1360, 1362 (Fed. Cir. 2002).

We agree that to the extent Limelight challenges the district court's denial of its motion for a new trial, the cross-appeals are improper. Because the district court granted JMOL of noninfringement, a cross-appeal from a denial of a motion for a new trial, to raise additional arguments why a finding of noninfringement should be made, is improper. Novartis Pharmaceuticals Corp. v. Abbott Lab., 375 F.3d 1328, 1339 (Fed. Cir. 2004). Limelight ultimately seeks a judgment of noninfringement, even if the procedure to obtain that judgment might require a new trial. Thus, the arguments related to noninfringement in Limelight's opening brief may be considered as the arguments of an appellee, seeking a remand or new trial if this court were to reverse the JMOL of noninfringement.

2009-1372 et al.

- 2 -

However, Limelight's conditional cross-appeals of the district court's denial of JMOL relating to the jury award of lost profits are proper. Ericsson, Inc. v. Harris Corp., 352 F.3d 1369 (Fed. Cir. 2003) controls. As here, in Ericsson the plaintiff appealed from the district court's JMOL of noninfringement and the defendant cross-appealed the district court's denial of JMOL with regard to the jury's award of lost profits. We reversed the district court's order granting JMOL of noninfringement and then addressed the issues raised by the conditional cross-appeal. We rejected the appellant's challenge to the propriety of the cross-appeal. Citing Bailey, this court explained that "a party may file a cross-appeal 'when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance.'" Id. at 1376 (quoting Bailey, 292 F.3d at 1362). This court explained that by seeking to lessen the plaintiff's rights by reducing the monetary recovery, should the judgment of noninfringement be overturned, the conditional cross-appeal was "precisely" what was contemplated by Bailey. Ericsson, 352 F.3d at 1376.

Because Limelight's cross-appeals are proper as to the lost profits determination, we deny the motion to dismiss. To the extent that Limelight raises in its opening brief issues concerning infringement, those issues may be considered by the merits panel as the arguments of an appellee in support of a judgment of noninfringement. Thus, Limelight's reply brief, when it is filed, should not contain arguments related to noninfringement, because the reply brief should only contain arguments related to the cross-appeal.

Accordingly,

IT IS ORDERED THAT:

2009-1372 et al.

- 3 -

(1)     The motion to dismiss is denied.  A copy of this order shall be transmitted to the merits panel assigned to hear this case.

(2)     The motions for extensions of time are granted.  Akamai's response/reply brief is due within 14 days of the date of filing of this order.  Limelight's reply brief is due within 23 days of the date of service of Akamai's response/reply brief.

FOR THE COURT

JAN 2 7 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Donald R. Dunner, Esq.
        Robert S. Frank, Jr., Esq.
        Robert G. Krupka, Esq.

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 2 7 2010

JAN HORBALY
CLERK

s19

2009-1372 et al.

- 4 -